**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jun 08 2012, 8:31 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRIS P. FRAZIER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM A. WILEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1111-CR-1072 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle, III, Judge
Cause Nos. 48C01-1105-FB-944, 48C01-1106-FD-999 & 48C01-1108-FC-1574

**June 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

After entering into a plea agreement covering three cause numbers, William A. Wiley now appeals his aggregate sentence of fifteen years for one Class B felony and two Class A misdemeanors. Wiley contends that the trial court abused its discretion when sentencing him and that his sentence is inappropriate. We affirm.

**Facts and Procedural History**

This appeal involves three separate cases concerning Wiley. On May 23, 2011, the State charged Wiley with Class B felony robbery resulting in bodily injury under Cause No. 48C01-1105-FB-944. On June 1, 2011, the State charged Wiley with Class D felony theft under Cause No. 48C01-1106-FD-999. On August 29, 2011, the State charged Wiley with Class C felony battery resulting in serious bodily injury under Cause No. 48-C01-1108-FC-1574.

In September 2011, Wiley pled guilty in all three cause numbers in an oral plea agreement. Pursuant to that agreement, Wiley pled guilty to Class B felony robbery resulting in bodily injury, and the State agreed not to file habitual-offender charges and to reduce the felonies in the other cause numbers to Class A misdemeanors, specifically, Class A misdemeanor criminal conversion and Class A misdemeanor battery.

A sentencing hearing was held in October 2011 for all three cause numbers. Wiley's Presentence Investigation Report reveals that as a juvenile Wiley had numerous adjudications including: battery, burglary, theft (three times), criminal conversion, and aiding, inducing, or causing burglary. As an adult, Wiley has pled guilty to six felonies: two burglaries and four thefts. In addition, Wiley has served time on in-home detention,

2

work release, and probation, has served time in the Indiana Department of Correction, and was on probation at the time of the instant offenses. Wiley also enjoyed the benefit of participating in the Madison County Drug Court program and the Madison County Re-Entry Court program, though he did not successfully complete either program. Wiley testified that he made a lot of mistakes for which he deserved punishment, and that he needed treatment for his drug addiction. He admitted receiving treatment before but said, "it wasn't in such a structured environment to where I really put forth in it so much." Tr. p. 10. Wiley further explained, "I'm tired of this. I'm tired of it. And I know, I know it's, I know it's my actions that put's [sic] me in this positions [sic]." *Id*. at 12.

In sentencing Wiley, the trial court made numerous observations about him. Specifically, the trial court observed that Wiley was twenty-two years old, was before the court for sanctions in two unrelated probation-violation cases and three serious felonies, and had a serious substance-abuse problem. The court noted that the most serious criminal act had occurred with co-defendant, Joshua Wiley-Rumback. The trial court stated, "I know you say today that you uh, want to take care of your son. Uhm, you're tired of this life. And to some degree I believe you but I also remember the testimony in Joshua Wiley-Rumback's case." *Id*. at 15-16. Defense counsel objected, reminding the trial court that Wiley was given immunity for his testimony in that case. The trial court explained that the State could not use that testimony, but the court could when talking about Wiley's character. The trial court continued:

> [Wiley] has made certain statements here today about him being sorry and
> tired and as I remember what you said, you didn't want [to] acknowledge
> your wrong doing with Mr. Wiley-Rumback. You didn't want come clean

3

about that. And people who are seriously tired of their past mistakes don't try to cover up for other people.

*Id*. at 16-17. The court went on to note that the aggravators and mitigators were the same for all three cause numbers. As for aggravators, the trial court identified Wiley's prior criminal history and that he was under court supervision at the time of each of the three crimes. As for mitigators, the trial court noted Wiley's plea of guilty and acceptance of responsibility. Concluding that the aggravators outweighed the mitigators, the trial court sentenced Wiley to fifteen years for robbery and one year each for criminal conversion and battery, to be served concurrently. The trial court recommended that Wiley be placed in a therapeutic community. The trial court also revoked Wiley's probation in two unrelated cause numbers and ordered those sentences to be served consecutively to his sentences in this case.

Wiley now appeals.

**Discussion and Decision**

Wiley makes two arguments on appeal. First, he contends that the trial court abused its discretion when sentencing him because it considered as an aggravating factor his previous testimony in a proceeding against his co-defendant when he had been given immunity. Second, he contends that his fifteen-year sentence is inappropriate in light of his character.

**I. Abuse of Discretion**

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion

4

occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating. *Id.* A trial court may also abuse its discretion by entering a sentencing statement that explains reasons for imposing a sentence including a finding of aggravating and mitigating factors, if any, but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. *Id.* at 490-91. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that have support in the record. *Id.* at 491.

Wiley argues that the trial court abused its discretion in using his immunized testimony during his co-defendant's trial to support the increased sentence in this case. Indiana Code section 35-37-3-3 provides for the grant of use and derivative use immunity for a witness in a trial. *Brown v. State*, 725 N.E.2d 823, 826 (Ind. 2000). Once immunized, "any evidence that the witness gives, or evidence derived from that evidence, may not be used in any criminal proceeding against that witness . . . ." Ind. Code § 35-37-3-3. Even if the trial court improperly considered Wiley's immunized testimony when sentencing him in this case, we find any error to be harmless because the trial court

5

based its sentencing decision on other factors not gleaned from his immunized testimony. Specifically, the trial court noted Wiley's young age, extensive criminal history, and that he was under court supervision at the time he committed the crimes in this case. In light of all the factors considered by the lower court, we are confident that the trial court would have imposed the same sentence even if it had not considered Wiley's immunized testimony in his co-defendant's trial.

**Inappropriate Sentence**

Wiley also contends that his aggregate sentence of fifteen years is inappropriate in light of his character. Our rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[A] defendant must persuade the appellate court that his or her sentence has met this inappropriate standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id*. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the

crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id*. at 1224.

Wiley pled guilty to a Class B felony and two Class A misdemeanors. "A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years." Ind. Code § 35-50-2-5. "A person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than (1) year." Ind. Code § 35-50-3-2. The trial court sentenced Wiley to fifteen years for the Class B felony and one year each for the Class A misdemeanors, to be served concurrently.

On appeal, Wiley does not argue that the nature of the offenses renders his sentence inappropriate; rather, he focuses on his character. Specifically, Wiley contends that his immunized testimony in a different case cannot be used as negative evidence of his character in this case. As for Wiley's argument, his criminal record speaks for itself. He has numerous juvenile adjudications and as an adult, has pled guilty to six felonies. And in this case, Wiley was before the court for two probation-violation sanctions and three serious felonies. In addition, he has a serious substance-abuse problem. Wiley repeatedly asked the trial court for help with his drug-addiction issues, and the trial court responded to his pleas by recommending that he be placed in a therapeutic community. Accordingly, Wiley has failed to persuade us that his aggregate sentence of fifteen years for Class B felony robbery, Class A misdemeanor criminal conversion, and Class A misdemeanor battery is inappropriate.

Affirmed.

CRONE, J., and BRADFORD, J., concur.